UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| QUALITY CONSTRUCTION & PRODUCTION, LLC | CIVIL ACTION NO. 19-1308 |
| VERSUS | JUDGE ROBERT SUMMERHAYS |
| TROY COLLINS | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Pending before the undersigned is the Motion to Compel UPCS Responses to Discovery Requests [Doc. 71], filed by plaintiff Quality Construction and Production, LLC ("QCP"). The undersigned granted QCP's request to expedite[1] this motion and conducted a telephone conference with counsel on August 2, 2021 to discuss the matter. In its motion, QCP seeks initial discovery responses from defendant United Production & Construction Services, Inc. ("UPCS"). Prior to the telephone conference with the Court, UPCS had not responded to the motion, but had objected to QCP's request for expedited hearing, arguing that the motion was premature because the parties had not had a Rule 37 conference regarding the discovery sought by the motion. [Doc. 73]. In response to this representation, the Court ordered the parties to confer as required by Federal Rule of Civil Procedure 37(a)(1) and for QCP to file a Supplemental Certification into the record outlining

---

[1] QCP's motion to expedite consideration is located at Doc. 72.

the issues discussed and resolved during the Rule 37 conference. [Doc. 74]. QCP complied with the Court's Order and filed its Supplemental Certification on July 30, 2021. [Doc. 75]. QCP also filed a Supplemental Memorandum in Support of Motion to Compel [Doc. 82]. Following the telephone conference with the Court, UPCS filed its response to the Motion to Compel [Doc. 86]. For the following reasons, the Motion to Compel is GRANTED.

QCP's motion seeks to compel UPCS's responses to written discovery propounded by QCP on February 9, 2021, seeking information regarding UPCS's profits and revenues. QCP contends such information is relevant to the damages calculation in this matter.

In its briefing and during the telephone conference with the Court, QCP's counsel represented that the parties had several Rule 37 conferences lasting several hours regarding the discovery which is the subject of its motion. UPCS, however, argued that, prior to the filing of QCP's Motion to Compel, the parties had never had a Rule 37 conference regarding the specific discovery sought. Upon reviewing the emails attached as exhibits to QCP's motion and after discussion with counsel, it is apparent to the Court that the parties had conversations about the particular discovery at issue and that QCP had granted UPCS's requested extensions of time to respond to such discovery. Regardless of whether the parties engaged in a true Rule 37 conference before the filing of the motion, however, it is undisputed that

UPCS never responded or objected to the discovery requests which were propounded more than 5 months ago. Indeed, UPCS did not take a position with respect to the requested discovery until this Court's July 9, 2021 Order, which required the parties to engage in a formal Rule 37 conference [Doc. 76].

After the Court issued its July 9, 2021 Order, UPCS responded to the discovery at issue, but lodged several objections despite certain agreements that were made at the parties' Rule 37 conference. According to the parties, at a July 16, 2021 Rule 37 conference, the parties compromised on several key issues, and QCP narrowed the discovery requests by identifying 13 clients/customers for whom QCP sought revenue information. At issue at the August 2, 2021 telephone conference with the Court was the time period in question for the requested information. QCP seeks the requested information for the time period from May 23, 2019 through March 31, 2020, seeking the same revenue information for the same time period that QCP has provided in discovery.

In its response brief, UPCS argues that the requested information is overly broad and unduly burdensome, and not narrowly tailored to a reasonable time period. The Court disagrees. Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" *Lefevre v. Connextions, Inc.*, 2014 WL 11515718, at *1 (N.D. Tex. May 5, 2014), citing Fed. R. Civ. P. 26(b)(1). The information and materials sought

need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005), *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id., quoting Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001). Once the moving party establishes that the information and materials sought are within the scope of permissible discovery, the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted. *See Nickell v. Flight Options, LLC*, 2010 WL 3784497, at *2 (N.D. Tex. Sep. 27, 2010); *Spiegelherg Mfg., Inc. v. Hancock*, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007).

Here, QCP has narrowed the requested information to 13 customers for whom revenue information is sought. UPCS has agreed to the list of customers. With respect to the time period, the undersigned concludes that the time period in question – May 23, 2019 through March 31, 2020 – is reasonable, given that such a time

frame will provide a clear picture of the revenue information sought for the 13 customers at issue, without requiring UPCS to provide revenue data beyond March 2020, when the Covid-19 pandemic began.

Considering the foregoing, IT IS ORDERED that the Motion to Compel UPCS Responses to Discovery Requests [Doc. 71]is GRANTED to the extent that it seeks the information as explained hereinabove and as agreed to by the parties at the July 16, 2021 Rule 37 conference.

IT IS FURTHER ORDERED that UPCS shall respond to the discovery within seven days of this ORDER.

IT IS FURTHER ORDERED that QCP's request for attorney's fees is denied.

THUS DONE AND SIGNED at Lafayette, Louisiana, this the 10th day of August, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE